SUZANNE M. HANKINS (State Bar No. 157837)
JARLATH M. CURRAN, II (State Bar No. 239352)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA  92612
Telephone:  (949) 442-7110
Facsimile:  (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. dba America's Servicing Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT - SAN DIEGO

| | |
|---|---|
| ARTURO SICAIROS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NDEX WEST, LLC; AMERICA'S SERVICING COMPANY, DOE 1, and DOES 2-50, inclusive,<br><br>                    Defendants. | Case No.:  08 CV 2014 LAB BLM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:      December 22, 2008<br>TIME:      11:15 a.m.<br>DEPT:      9<br><br>Complaint filed: September 24, 2008 |

# TABLE OF CONTENTS

NOTICE OF MOTION ...................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES ...............................8

I.    INTRODUCTION ................................................................................8

II.   STATEMENT OF FACTS ...................................................................9

     A.    The Underlying Facts .................................................................10

     B.    The Complaint's Claims ...............................................................1

III.  THE COMPLAINT FAILS TO STATE A VIABLE CLAIM.............12

     A.    Applicable Federal Pleading Standards.....................................12

     B.    Possession of the Original Note Is Not a
          Prerequisite to Foreclosure ........................................................14

     C.    Sicairos' First Cause of Action Alleges No Claim ...................17

          1.    The Claim Does Not Satisfy Rule 8(a)
               Standards ..........................................................................17

          2.    The FDCPA Does Not Apply to Wells Fargo ...............17

          3.    Sicairos Has No RESPA Claim .......................................19

          4.    Sicairos Alleges No Claim Under the R-FDCPA ..........20

     D.    Sicairos' Second Cause of Action Alleges No Claim...............21

     E.    Sicairos' Third Cause of Action Alleges No RICO Claim .......22

IV.   ALTERNATIVELY, THE COURT SHOULD ORDER
     SICAIROS TO PROVIDE A MORE DEFINITE STATEMENT
     OF HIS CLAIMS...........................................................................26

V.    CONCLUSION...................................................................................27

# TABLE OF AUTHORITIES

<u>Cases:</u>

*A.G. Edwards & Sons, Inc. v. Smith*
736 F. Supp. 1030 (D. Arizona 1989) ........................................ 27

*Alan Neuman Productions, Inc. v. Albright*
862 F.2d 1388 (9th Cir. 1989) .................................................. 23

*Allington v. Carpenter*
619 F.Supp. 474 (C.D. Cal. 1985) ............................................. 26

*Alperin v. Vatican Bank*
410 F.3d 532 (9th Cir. 2005 ...................................................... 9

*American Realty Trust, Inc. v. Travelers Cas. & Sur. Co.*
362 F.Supp.2d 744 (N.D. Tex 2005) .......................................... 12

*Anderson v. District Bd. of Trustees*
77 F.3d 364 (11th Cir. 1996) ..................................................... 26

*Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*
289 F.Supp.2d 986 (N.D. Ill. 2003) ............................................ 21

*Associated Gen. Contractors v. Metro Water Dist.*
159 F.3d 1178 (9th Cir.) ...................................................... 14, 17

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1988) ..................................................... 14

*Barber v. Nat'l Bank of Alaska*
815 P.2d 857 (Alaska 1991) ...................................................... 18

*Bell Atlantic Co. v. Twombly*
127 S. Ct. 1955 ........................................................................ 3

*Bloom v. Martin*
77 F.2d 318 (9th Cir. 1996) ...................................................... 19

*Cairns v. Franklin Mint Co.*
24 F. Supp.2d 1013 (C.D. Cal. 1998) ......................................... 13

*Cairns v. Franklin Mint Co.*
24 F. Supp.2d 1013 (C.D. Cal. 1998) ......................................... 13

*Chang v. Chen*
80 F.2d 1293 (9th Cir. 1996)........................................................ 25

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994)......................................................... 14

*Dawson v. Dovenmuehle Mortg. Inc.*
2002 WL 501499 (E.D. Pa. 2002).............................................. 18

*Fiher v. UNIPAC Service Co.*
519 N.W. 2d 793 (Iowa 1994)..................................................... 18

*Gibbs v. SLM Corp.*
336 F. Supp.2d (D. Mass 2004).................................................. 18

*H. J. Inc. v. Northwestern Bell Telephone Co.*
492 U.S. 229 (1989) ............................................................. 23, 24

*I.E. Associates v. Safeco Title Ins. co.*
39 Cal.3d 281 (1985)................................................................... 15

*In re Glenfed, Inc. Sec. Litig.*
42 F.3d 1541 (9th Cir. 1994)....................................................... 13

*In re Silicon Graphics Inc. Sec. Litig.*
183 F.3d 970 (9th Cir. 1999)......................................................... 9

*In re Verifone Sec. Litig.*
11 F.3d 865 (9th Cir. 1993) .......................................................... 9

*Jacob B. v. County of Shasta*
40 Cal.4th 948 (2007).................................................................. 20

*Jones v. ABN AMRO Mortg. Group, Inc.*
551 F. Supp.2d 400 (E.D. Pa. 2008)........................................... 20

*King v. California*
784 F.2d 910 (9th Cir. 1986)....................................................... 14

*Knievel v. ESPN*
393 F. 3d 1068 (9th Cir. 2005).................................................. 9, 10

*Kourtis v. Cameron*
419 F.3d 989 (9th Cir. 2005)......................................................... 9

*Lopez c. GMAC Mortgage Cor.*
WL 3232448 (N.D. Cal. 2007)........................................................ 12

*Medallion TV Enters. Inc. v. SelecTV of Cal.*
833 F.2d 1360 (9th Cir. 1987)....................................................... 24

*Mir v. Little Co. of Mary Hosp.*
844 F.2d 646 (9th Cir. 1988)........................................................... 9

*Moeller v. Lien*
25 Cal.App.4th 822 (1994)............................................................ 15

*Morgan v. Bank of Waukegan*
804 F.2d 970 (7th Cir. 1986).......................................................... 24

*Morris v. BMW of N. Am.*
2007 WL 3342612 (N.D. Cal. 2007).............................................. 13

*Parrino v. FHP, Inc.*
146 F.3d 699 (9th Cir.)................................................................... 10

*Perry v. Stewart Title Co.*
756 F.2d 1197 (5th Cir.).......................................................... 17, 18

*Provencio v. Armor Holdings, Inc.*
2007 WL 2814650 (E.D. Cal. 2007) .............................................. 12

*Rae v. Union Bank*
725 F.2d 478 (9th Cir. 1984).......................................................... 23

*Schrieber Distrib. Co. v. Serv-Well Furniture Co.*
806 F.2d 1393 (9th Circ. 1986) ..................................................... 22

*Skerry v. Mass. Higher Educ. Assistance Corp.*
73 F.Supp.2d 47 (D. Mass 1999)................................................... 18

*Varney v. R. J. Reynolds Tobacco Co.*
118 F.Supp. 2d 63 (D. Mass 2000)................................................ 12

*Vess v. Ciba-Geigy Corp.*
317 F.3d 1097 (9th Cir. 2003)....................................................... 13

*Wadlington v. Credit Acceptance Corp/*
76 F.3d 103 (6th Cir. 1996)........................................................... 18

*Walker v. Michael W. Colton Trust*
47 F.Supp.2d (E.D. Mich. 1999) ................................................................. 20

*Williams v. Edelman*
408 F.Supp.2d 1261 (S.D. Fla 2005) ........................................................ 18

**Statutes:**

Civ. Code § 1788 ..................................................................................... 11

Civ. Code § 2924 ........................................................................ 15, 16, 20

Civ. Code § 3275 ..................................................................................... 15

F.R.C.P. § 12 ............................................................................................. 7

U.S.C. § 1692 ................................................................................... 17, 18

U.S.C. § 1961 ................................................................................... 23, 24

U.S.C. § 2601 ......................................................................................... 19

U.S.C. § 2605 ......................................................................................... 19

U.C.C. § 3301 ......................................................................................... 15

1   PLEASE TAKE NOTICE that on December 22, 2008, at 11:15 a.m., or as

2   soon thereafter as counsel may be heard in Courtroom 9 of the above-entitled Court

3   located at 880 Front Street, San Diego, California. Defendant WELLS FARGO

4   BANK, N.A. dba America's Servicing Company (erroneously sued as America's

5   Servicing Company) ("Wells Fargo") will and it hereby does move to dismiss the

6   complaint and each of its so-called causes of action for failure to state a claim upon

7   which relief can be granted.  At the same time and place Wells Fargo will move for

8   a more definite statement of any claim which is not dismissed

9   This motion is made under Federal Rule of Civil Procedure 12(b)(6) and

10   12(e).  The motion is based on this notice of motion, the accompanying

11   memorandum of points and authorities, the accompanying request for judicial

12   notice, the complaint, and all other papers on file in this action.

13   DATED:  November 4, 2008          SEVERSON & WERSON
                                        A Professional Corporation
14

15

16                                      By:
                                            SUZANNE M. HANKINS
17                                          JARLATH M. CURRAN, II
                                            Attorneys for Defendant
18                                          WELLS FARGO BANK, N.A.

19

20

21

22

23

24

25

26

27

28

I.   **INTRODUCTION**

This suit is one of many filed by plaintiff Arturo Sicairos' ("Sicairos") attorneys in recent months.[1] All the suits are on behalf of homeowners who defaulted on their home mortgage loans. All the suits try to avoid foreclosure on the bogus ground that the loan's owner and/or servicer does not possess the plaintiff's original promissory note.

The complaint should be dismissed for several reasons.

First, the only "fact" it alleges—and that on information and belief—is that defendant Wells Fargo Bank, N.A. dba America's Servicing Company (erroneously sued as America's Servicing Company) ("Wells Fargo"), the current loan servicer, no longer has physical possession of Sicairos' promissory note. (Compl., ¶7.) Even if true, that "fact" would not entitle Sicairos to relief. Physical possession of the promissory note is not required to initiate non-judicial foreclosure under California law.

Second, Sicairos alleges, without any basis, that the current beneficiary lacks possession of his promissory note. The public record shows that Axiom Financial Services ("Axiom") was the originating lender and is named as "Lender" in Sicairos' deed of trust. Axiom's interest was later assigned to HSBC Bank USA, N.A., as Trustee for Mortgage Pass-Through Certificates, Series 2007-1 ("HSBC"). Not only does Sicairos fail to name HSBC in this action, Sicairos does not allege that HSBC further transferred his loan to anyone else. He alleges no facts to support his claim that HSBC no longer holds his promissory note—he just hopes it is so. Hope alone is not a proper basis for initiating suit and fails to satisfy applicable federal pleading requirements.

Third, each of Sicairos' so-called causes of action avers violation of one or more statutes, but fails to allege any facts showing how Wells Fargo allegedly violated them. The mere lack of possession of a promissory note does not violate

---

[1]    Request for Judicial Notice ("RJN"), ¶ 1.

RICO or any of the other statutes Sicairos' complaint mentions. Sicairos alleges no other facts to support any of those claims, stating instead that "the specifics" of the statutory violations on which he sues "are unknown, but … are subject to discovery and … will be alleged by amendment to this complaint when ascertained." (Compl., ¶23.) Sue first and discover a claim later is not a permissible litigation strategy under the federal rules.

For all of these reasons, Sicairos' complaint and each of its three supposed causes of action should be dismissed. Alternatively, if any claim survives, Sicairos should be ordered to provide a more definite statement of his claim so that Wells Fargo may frame a responsive pleading.

## II.   STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.[2]  Contents of documents on which plaintiff's claim depends, that are mentioned in the complaint and whose authenticity no party questions, may also be considered even if the documents are not attached to the complaint.[3]  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."[4]

Under the "incorporation by reference doctrine," the Court may also consider exhibits to the complaint as well as other documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."[5]  The Ninth Circuit has "extended the

---

[2]   *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).

[3]   *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

[4]   *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

[5]   *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."[6]

The facts are stated below in accordance with those rules even though Wells Fargo denies most or all of Sicairos' allegations recited below.

## A.    The Underlying Facts

Sicairos owns a home at 1215-17 Denver Lane, El Cajon, California 92021. (Compl., ¶6.) On November 17, 2006, Sicairos obtained a $472,000 loan from Axiom. (*Id.*, ¶22; Deed of Trust, RJN, Ex. 1, p. 1, ¶¶ (C), (F).) In exchange for the loan, Sicairos executed a promissory note and a deed of trust. (*Id.*) On October 26, 2007 the beneficial interest in Sicairos' loan and deed of trust was assigned to HSBC. (Assignment of Deed of Trust, RJN, Ex. 2.)

The deed of trust names Axiom as the "Lender" and provides that upon a default by Sicairos in repaying his loan, the "Lender" may cause the trustee to initiate non-judicial foreclosure proceedings. (RJN, Ex. 1., p. 1, ¶(C), p. 13, ¶22.) The assignment states that Axiom transfers to HSBC all beneficial interest under the deed of trust together with all rights accrued or to accrue under the deed of trust. (Id., Ex. 2.)

Nevertheless, Sicairos alleges on information and belief that Wells Fargo "is not the holder of [his] note," "is not in possession of the note properly endorsed to it, nor is it otherwise entitled ... to initiate foreclosure ...." (Compl., ¶7.)

---

[6]    *Knievel*, 393 F.3d at 1076 (considering surrounding webpages to determine whether accused webpage was defamatory in context); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity).

Sicairos alleges that his lawyers sent a letter to co-defendant NDEx West, which served a notice of trustee's sale on Sicairos, warning it not to proceed with the foreclosure sale unless it "obtained proof" that Accredited Home Lenders, an unnamed third party, "actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default ...." (Compl., ¶8 & Ex. 2.) According to Sicairos, NDEx West has not suspended the sale or provided him with proof that Wells Fargo possesses the promissory note. (*Id.*, ¶¶8, 10.)

Sicairos also avers that his lawyers demanded that the defendants provide a detailed accounting of the amount needed to redeem the property from foreclosure. (Compl., ¶11 & Ex. 2.) Sicairos says he received no reply or one that was so inadequate that he could not determine whether the charges were justified. (*Id.*, ¶11.)

Sicairos carefully avoids alleging that he was not in default as stated in the notice of sale attached to his complaint. (*See* Compl., Ex. 1.) He also fails to allege that he has, will or could tender the delinquent sums, let alone the full accelerated amount—over $502,323.87. (*Id.*)

**B.    The Complaint's Claims**

Based on the foregoing "facts," Sicairos purports to allege three "causes of action."

The first alleges on information and belief that defendants violated "provisions of" the federal Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("R-FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). (Compl., ¶20.) The complaint does not indicate in what manner defendants violated any of these acts or which specific "provisions" were violated, other than "Civil Code § 1788 (e) and (f)"—which do not exist. (*Id.*)

The second cause of action realleges the same facts, reiterating the conclusion that Wells Fargo does not have the right to receive payment under Sicairos' promissory note or initiate foreclosure under his deed of trust.  (Compl., ¶22.)  It then avers, again on information and belief, that:

> Accredited Home Lenders has engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

(Compl., ¶23.)

Accredited Home Lenders is not a party to this action.

The third cause of action purports to allege a civil RICO claim.  Apart from realleging the complaint's prior paragraphs, the sole allegations of this claim are that "[i]n doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C. §§1961 *et seq.*" and that "[p]laintiff is therefore entitled to the remedies available under RICO in civil actions."  (Compl., ¶¶26, 27.)

## III.   THE COMPLAINT FAILS TO STATE A VIABLE CLAIM

### A.   Applicable Federal Pleading Standards

Fed. R. Civ. P. 8(a) and 9(b)'s pleadings standards apply to a complaint in a case which, like this one, was removed to federal court after the complaint was filed in state court.[7]

---

[7]   Fed. R. Civ. P. 81(c); *Provencio v. Armor Holdings, Inc.*, 2007 WL 2814650 at *2 (E.D. Cal. 2007); *Lopez v. GMAC Mortg. Corp.*, 2007 WL 3232448 at *4 (N.D. Cal. 2007); *American Realty Trust, Inc. v. Travelers Cas. & Sur. Co.*, 362 F.Supp.2d 744, 748 (N.D. Tex. 2005); *Varney v. R.J. Reynolds Tobacco Co.*, 118 F.Supp.2d 63, 67-68 (D. Mass.2000).

Under Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."[8]    Stated differently, a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citation omitted).  Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the [ ] claims across the line from conceivable to plausible." *Id.* at 1974.

Allegations of fraud must meet the heightened pleading standards of Fed. R. Civ. P. 9(b), which requires allegation of "particular facts going to the circum-stances of the fraud, including time, place, persons, statements made and an expla-nation of how or why such statements are false or misleading."[9]

Fed. R. Civ. P. 9(b) applies to statutory claims based on misrepresentation even if the statute eliminates some traditional elements of fraud, such as reliance. Also, Rule 9(b)'s particularity requirement applies to any averments of fraud even in claims for which fraud is not an essential element.  Where a plaintiff alleges a uniform course of fraudulent conduct and relies on that conduct as the basis of a claim, the claim "sounds in fraud" and the plaintiff must plead the whole claim with particularity.[10]

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint.[11]  A claim is properly dismissed for "lack of a cognizable legal theory,"

---

[8]    *Bell Atlantic Co. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) ("*Twombly*").

[9]    *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612 at *3 (N.D. Cal. 2007), citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n. 7 (9th Cir.1994) (en banc).

[10]    *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir.2003).

[11]    *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998).

1 "absence of sufficient facts alleged under a cognizable legal theory," or seeking

2 remedies to which plaintiff is not entitled as a matter of law.[12]

3 Although facts properly alleged must be construed most favorably to plain-

4 tiff, "conclusory allegations of law and unwarranted inferences are not sufficient to

5 defeat a motion to dismiss."[13] "[T]he court is not required to accept legal conclu-

6 sions cast in the form of factual allegations if those conclusions cannot reasonably

7 be drawn from the facts alleged."[14]  And, as already indicated, the Court may prop-

8 erly consider facts properly subject to judicial notice or evident in documents at-

9 tached to or mentioned in the complaint.  (See pp. 2-3 above.)

10 ### B.     Possession Of The Original Note Is Not A Prerequisite To

11 ### Foreclosure

12 Sicairos' complaint fails at the outset because its basic legal premise is false.

13 The person or entity that initiates a non-judicial foreclosure need not physically

14 possess the promissory note, nor need the trustee ascertain who does possess the

15 note before proceeding with foreclosure.

16 Sicairos' theory looks to the wrong law.  It is based on rules gleaned from

17 Article 3 of the Uniform Commercial Code.  (*See* Compl., ¶17 & Ex. 2, pp. 1-2.)

18 That article governs negotiable instruments.  But it does *not* govern non-judicial

19 foreclosure under deeds of trust.

20 The rules that *do* govern non-judicial foreclosure of a deed of trust are set

21 forth in the California Civil Code at section 2924 and following.  California's

22 courts have repeatedly held that these Civil Code provisions establish a

23 comprehensive and exclusive set of regulations for the conduct of nonjudicial

24 foreclosures.

25 ----

26 [12]     *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

27 [13]     *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.) (citation omitted).

28 [14]     *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

> The statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in [Civil Code] sections 2924-2924i.  These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.[15]

To the same effect, a state court more recently held:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.  It includes a myriad of rules relating to notice and right to cure.  It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosure to incorporation another unrelated ... provision into statutory nonjudicial foreclosure proceedings.[16]

Proving that the Civil Code provisions establish a comprehensive and exclusive set of rules for non-judicial foreclosure, the California Supreme Court held that sections 2424-2424i supersede the common law, preventing a borrower from asserting that a trustee is subject to any non-statutory common law duty as the trustor's agent to find the trustor's current address.  Similarly, in *Moeller*, the California Court of Appeal held that the cited Civil Code sections bar use of Civil Code section 3275, a general anti-forfeiture statute, to cure defaults under deeds of trust.

The same principle bars Sicairos' claim under UCC Article 3.  Sections 2924 through 2924*l* of the Civil Code comprehensively and exclusively govern deed of trust foreclosure.  Negotiable instrument law is not operative in this specialized context, just as the general anti-forfeiture statute, Civ. Code, §3275, was not.

The Civil Code sections that do govern non-judicial foreclosure do not require the person initiating foreclosure to have physical possession of the promissory note which the deed of trust secures.  The Civil Code sections also do

---

15   *I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985).

16   *Moeller v. Lien*, 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

1 not require the trustee to inquire about who physically possesses the note. Under

2 Civil Code section 2924, physical possession of the note is irrelevant.

3 Instead, Civil Code section 2924(a)(1) provides that "[t]he trustee,

4 mortgagee, or beneficiary, or any of their authorized agents" may commence the

5 nonjudicial foreclosure process by recording and servicing a notice of default. The

6 section does not require that any of these designated entities physically possess the

7 promissory note secured by the deed of trust or that any of them be a "person

8 entitled to enforce" the note under UCC section 3301. Rather, section 2942(a)(1)

9 simply confers power to commence foreclosure generally on "[t]he trustee,

10 mortgagee, or beneficiary, or any of their authorized agents."

11 Sicairos' complaint does not allege any violation of this statute governing

12 foreclosure under his deed of trust. He does not claim that HSBC or NDEx West,

13 which recorded and served the notice of default and notice of sale are not the

14 beneficiary or its authorized agent. He could not do so truthfully as his deed of

15 trust and subsequent assignment specifically identify HSBC as the current

16 beneficiary with the right to initiate foreclosure. (RJN, Ex. 1, p. 1, ¶(C), p. 11, ¶22;

17 RJN, Ex. 2.)

18 Thus, Sicairos' principal legal theory is misguided. His general allegations

19 state no viable claim. (Compl., ¶¶7, 8, 16-18.) The rest of his complaint rests on

20 those allegations as no other facts are alleged in later paragraphs.[17] Accordingly,

21 the entire complaint fails to state a claim on which relief can be granted and so

22 should be dismissed.

23

24

25

---

26 [17] Paragraphs 10 and 11 of the complaint do allege that Sicairos requested but was not given
an accounting of sums owed under his loan. These facts establish no actionable wrong since the

27 trustee, from whom Sicairos demanded the accounting (Compl., Ex. 2), is not required by statute
or the deed of trust to provide such an accounting to a delinquent borrower. Moreover, Sicairos

28 has not alleged harm from the failure to provide the requested accounting. He does not aver that
he could or would have redeemed his loan if given the accounting.

C.   **Sicairos' First Cause Of Action Alleges No Claim**

1.   **The Claim Does Not Satisfy Rule 8(a) Standards**

Sicairos' first cause of action should be dismissed.  It purports to assert claims for violation of the FDCPA, R-FDCPA, and RESPA.  However, it fails to satisfy Fed. R. Civ. P. 8(a) standards.

Under Rule 8(a), mere "labels and conclusions" do not suffice.  *Tombly,* 126 S.Ct. at 1964.  "[C]onclusory allegations of law and unwarranted inferences … are insufficient to defeat a motion to dismiss."[18]  Sicairos' first cause of action states only labels, conclusions and unwarranted inferences.  It states only that Sicairos is informed and believes that defendants violated the cited statutes by "taking the actions aforementioned." (Compl., ¶20.)

The only "aforementioned" acts are commencement of the foreclosure and failure to provide a loan accounting on demand.  (Compl., ¶¶7, 8, 10, 11, 16-18.)  Neither of those acts is wrongful for the reasons discussed in the preceding section.  Neither of the "aforementioned" acts violates of any of the statutes under which Sicairos purports to bring his first cause of action.  Therefore, the first cause of action fails to state a viable claim for relief and should be dismissed.

2.   **The FDCPA Does Not Apply To Wells Fargo**

The FDCPA regulates only "debt collectors."  The Act's prohibitions and regulations apply only to "debt collectors."  For example, 15 U.S.C. §§1692e and 1692f, on which Sicairos bases his FDCPA claim, both begin with the words:  "A debt collector may not use …."  The FDCPA does not regulate the conduct of entities that are not "debt collectors," even when those non-debt collector entities obtain payment on debts.[19]

---

[18]   *Associated Gen. Contractors,* 159 F.3d at 1181.

[19]   *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.), *mod. on other grounds,* 761 F.2d 237 (5th Cir. 1985).

For FDCPA purposes, a "debt collector" is defined to mean a person who regularly collects debts owed to another person. 15 U.S.C. §1692a(6). The same provision, however, excepts from the broad scope of that definition any person who collects a debt "to the extent such activity … (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person …." 15 U.S.C. §1692a(6)(F).

"The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors [or] a mortgage servicing company … as long as the debt was not in default at the time it was assigned [to that company for servicing]."[20]

Sicairos erroneously alleges that Accredited Home Lenders was "the initial Lender identified in the security instrument …." (Compl. ¶22.) The Court may judicially notice the actual "initial Lender" on the face of the recorded deed of trust, which names Axiom as "Lender." (RJN, Ex. 1, p. 1, ¶(C).) HSBC is the current beneficiary of Sicairos' note and deed of trust. (RJN, Ex. 2.) As HSBC is the current beneficiary on Sicairos' loan, it is not "debt collector" within the FDCPA's regulatory scope with respect to that loan. Likewise, Wells Fargo is not a "debt collector" as it is the company servicing the subject mortgage loan.[21] For this reason, Sicairos cannot allege a viable FDCPA claim against Wells Fargo, and his first cause of action should be dismissed.[22]

---

[20] *Perry*, 756 F.2d at 1208 (citations omitted); *accord Scott v. Wells Fargo Home Mortg., Inc.*, 326 F.Supp.2d 709, 717-18 (E.D. Va. 2003); *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1 (D. Mass. 2004); *Skerry v. Mass. Higher Educ. Assistance Corp.*, 73 F.Supp.2d 47 (D. Mass. 1999); *Fiher v. UNIPAC Serv. Corp.*, 519 N.W.2d 793 (Iowa 1994); *Barber v. Nat'l Bank of Alaska*, 815 P.2d 857 (Alaska 1991); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996).

[21] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (*citing* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U. S. Code Cong. & Ad.News 1695, 1698) (The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include a mortgage servicing company)

[22] *Williams v. Edelman*, 408 F.Supp.2d 1261, 1265 (S.D. Fla. 2005); *Dawson v. Dovenmuehle Mortg., Inc.*, 2002 WL 501499 at *5 (E.D. Pa. 2002).

### 3.   Sicairos Has No RESPA Claim

Sicairos also has no claim under RESPA. That act primarily regulates charges and disclosures at or before the closing of a real estate sale or loan transaction.[23] Sicairos alleges no facts showing any failure to comply with RESPA's provisions in the making or closing of his loan. His only factual allegations concern events following his default under the loan. (Compl., ¶¶7, 8, 10, 11, 16-18.)

RESPA does contain one section governing mortgage loan servicers. 12 U.S.C. §2605. Section 2605 imposes only two requirements on loan servicers. First, the section requires notice when a loan is transferred to a new servicer and forbids imposition of late fees on payments made within 60 days of such a transfer. 12 U.S.C. §2605(a)-(d). Sicairos does not allege that the servicing of his loan was transferred, that he was not given the required notice of transfer, or that any late fees were improperly imposed on his loan. So he states no violation of these requirements.

Second, section 2605 requires a mortgage loan servicer to respond to a borrower's "qualified written request" to correct the loan account or provide other information. 12 U.S.C. §2605(e). Sicairos alleges only one request: his attorney's letter to NDEx West demanding "a detailed accounting of all charges which constitute the pay off demand for the note." (Compl., ¶11 & Ex. 2, p. 5.) The letter was not a "qualified written request" triggering a servicer's duties under section 2605(e). It was not sent to the loan servicer, but rather to the foreclosure agent/trustee under the deed of trust. Also, the letter did not "include[] a statement of the reasons for the belief of the borrower ... that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. §2605(e)(1)(B)(ii).

---

[23]   *See* 12 U.S.C. §2601; *Bloom v. Martin*, 77 F.3d 318, 320-21 (9th Cir. 1996) (Most of RESPA is directed to practices preceding or accompanying the settlement and not to post-settlement practices, such as demand and reconveyance fees are assessed after the closing.).

1   Therefore, Sicairos states no RESPA claim, and his first cause of action

2   should be dismissed.[24]

### 4.   Sicairos Alleges No Claim Under The R-FDCPA

4   Sicairos alleges no claim under California's R-FDCPA because he alleges no

5   debt collection conduct falling within that act's scope.  The only affirmative acts he

6   alleges in his complaint are the commencement and pursuit of nonjudicial

7   foreclosure proceedings through NDEx West's recordation and service of a notice

8   of sale of his property.  (Compl., ¶¶3, 5, 8.)  Apart from NDEx West's sending that

9   notice, the complaint alleges no act by Wells Fargo to collect Sicairos' debt.

10   Sending the notice of sale cannot form the basis of a viable claim under the

11   R-FDCPA for two reasons.  First, Civil Code section 2924(b) expressly exempts the

12   trustee's acts of recording and serving the required notice of default and notice of

13   sale from the R-FDCPA's scope.[25]  Wells Fargo did not send these notices itself,

14   and it cannot be held vicariously liable for an act that is exempted from R-FDCPA

15   regulation when performed by its alleged agent, NDEx West.

16   Second, Civil Code section 2924(d) provides that the "mailing, publication,

17   and delivery of notices as required by this section" "constitute privileged

18   communications pursuant to Section 47."  A communication that is so privileged

19   cannot be the basis of any claim under California law other than malicious

20   prosecution.[26]  Sicairos alleges no malicious prosecution claim nor its most

21   important elements, favorable termination and lack of probable cause.

22   For both of these reasons, Sicairos has no claim against Wells Fargo under

23   the R-FDCPA, and his first cause of action should be dismissed.

24

25   [24]   *See, e.g., Jones v. ABN AMRO Mortg. Group, Inc.,* 551 F.Supp.2d 400, 411 (E.D. Pa.
     2008); *Walker v. Michael W. Colton Trust,* 47 F.Supp.2d 858, 863-64 (E.D. Mich. 1999).

26

27   [25]   The section provides, in pertinent part: "In performing the acts required by this article, a
     trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4 [of the Civil
     Code]." Title 1.6c, starting with section 1788 is the R-FDCPA.

28

     [26]   *Jacob B. v. County of Shasta,* 40 Cal.4th 948, 960, 56 Cal.Rptr.3d 477 (2007).

### D.   Sicairos' Second Cause Of Action Alleges No Claim

Sicairos' second cause of action is purportedly brought based on "predatory lending practices."  It asserts violations of HOEPA, TILA, Reg. Z, and the FTC Act.  (Compl., ¶23.)

However, Sicairos concedes that he does not know the "specifics" of how Wells Fargo or NDEx West may have violated any of those acts.  Instead, Sicairos says he hopes discovery will turn up a violation that he may then allege by amendment to his complaint.  (Compl., ¶23.)[27]

This allegation does not suffice under Rule 8(a), let alone under Rule 9(b), which applies if Sicairos' claim is based on "deceptive practices" as he appears to assert.  The facts alleged in the rest of the complaint plainly allege no "predatory lending practice" nor any violation of HOEPA, TILA, or Reg. Z.  Those acts require disclosure at or before loan closing or regulate loan terms.  They do not reach post-closing conduct such as the commencement or prosecution of a non-judicial foreclosure—the only acts that the complaint alleges factually.

The Federal Rules do not permit the filing of a "placeholder" complaint to initiate discovery that the plaintiff hopes will provide the basis for a viable claim.  Instead, as the Supreme Court recently re-emphasized, " 'some threshold of plausibility must be crossed at the outset before a … case should be permitted to go into its inevitably costly and protracted discovery phase.' "[28]  "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it.' "  " '[T]he pleading must contain something more

---

[27]   Paragraph 23 alleges that "Plaintiff is informed and believes and thereupon alleges that Wells Fargo Mortgage, Inc. has engaged in deceptive practices with respect to Plaintiff in violation of [the specified acts], the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained."

[28]   *Twombly*, 127 S.Ct. at 1966, quoting *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp.2d 986, 995 (N.D. Ill. 2003).

1  ... than ... a statement of facts that merely creates a suspicion [of] a legally

2  cognizable right of action.' " [29]

3  Sicairos' second cause of action fails to satisfy this standard.  At best it raises

4  the possibility that through discovery he will be able to find a claim—the mere

5  suspicion that he has an as-yet unknown right of action.  His pleading does not

6  allege any facts to cross the necessary threshold of showing that his hypothetical

7  claim is plausible.  Therefore, it should be dismissed.

8  **E.    Sicairos' Third Cause Of Action Alleges No RICO Claim**

9  Sicairos' third cause of action is purportedly brought under RICO, but alleges

10 only that defendants "were participating in and have participated in a scheme of

11 racketeering as that term is defined in RICO ...." (Compl., ¶26.)  The quoted

12 averment falls far short of alleging a proper RICO claim.

13 "To state a civil claim under RICO, a plaintiff must plead two main

14 allegations:  (1) that the defendant violated the Act, and (2) that the plaintiff was

15 injured as a result of the violation.  The first of these two pleading burdens has

16 seven elements. . . . [T]hey are as follows:  '(1) the defendant (2) through the

17 commission of two or more acts, (3) constituting a "pattern" (4) of "racketeering

18 activity" (5) directly or indirectly invests in, or maintains an interest in, or

19 participates in (6) an "enterprise" (7) the activities of which affect interstate or

20 foreign commerce' or has conspired to do so."  5 Wright & Miller, *Federal*

21 *Practice and Procedure* (2d ed. 1990) § 1251.1.

22 In addition, "[f]raud claims brought under the RICO Act are subject to the

23 particularity and specificity requirements of Rule 9(b)."  5 Wright & Miller,

24 *Federal Practice and Procedure* (2d ed. 1990) § 1251.1, citing *Schreiber Distrib.*

25 *Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986).

26

27

28 [29]    *Twombly*, 127 S.Ct. at 1965 & n. 3, quoting 5 C. Wright & A. Miller, Federal Practice & Procedure, §1202, p. 95, §1216, pp. 235-236 (3d ed. 2004).

1    Sicairos has not properly alleged any of the seven elements required to state a

2  RICO claim.  First, Sicairos fails to allege any specific nexus between Wells Fargo

3  and the elements of a RICO claim, let alone with the required "particularity and

4  specificity."  In order to properly state a claim, Sicairos must allege that Wells

5  Fargo, not a co-defendant or third party, through the commission of two or more

6  acts, constituting a pattern of racketeering activity, directly or indirectly invested in,

7  or maintained an interest in, or participated in an enterprise affecting interstate

8  commerce.  See *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984) (complaint against

9  foreclosing bank and others failed to state claim in the absence of allegations

10  defendants were associated with or employed by an enterprise, in the absence of

11  allegations of a pattern of racketeering activity, and in the absence of identification

12  of a predicate offense).  Sicairos has not done so here.

13    Second, Sicairos has failed to allege the commission of <u>two or more</u>

14  <u>predicate acts</u>.  Sicairos alleges only that defendants "were participating in and have

15  participated in a scheme of racketeering as that term is defined in RICO ...."

16  (Compl., ¶26.)  This does not constitute the predicate acts required for violation of

17  RICO.  Thus, "[t]he allegations of predicate acts in the complaint concerning those

18  elements of RICO are entirely general; no specifics of time, place, or nature of the

19  alleged communications are pleaded.  This is a fatal defect under Fed. R. Civ. P.

20  9(b), which requires that circumstances constituting fraud be stated with

21  particularity."  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1391 (9th

22  Cir. 1989).

23    Third, Sicairos has failed to allege the required "pattern."  A "pattern of

24  racketeering activity" is defined as (1) at least two acts of racketeering activity; (2)

25  one of which occurred after 1970; and, (3) the last of which occurred within ten

26  years of a prior act.  18 U.S.C. § 1961(5).  In *H. J. Inc. v. Northwestern Bell*

27  *Telephone Co.*, 492 U.S. 229, 240, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) the

28  United States Supreme Court held that to establish a pattern ""it must also be shown

1  that the predicates themselves amount to, or that they otherwise constitute a threat

2  of, continuing racketeering activity."  Continuity may be shown either by proof of

3  one or more completed schemes involving repeated criminal conduct "over a

4  substantial period of time" or by proof of criminal conduct "that by its nature

5  projects into the future with a threat of repetition." *H. J. Inc.*, 492 U.S. at 241.  The

6  Court adopted a rule that "[p]redicate acts extending over a few weeks or months

7  and threatening no future criminal conduct" do not satisfy the continuity

8  requirement.  In the Court's view, in enacting RICO, Congress was concerned only

9  with "long term criminal conduct" or conduct demonstrating a threat of continuity.

10  *H. J. Inc.*, 492 U.S. at 242.  Sicairos has not, and cannot, allege long term

11  continuing conduct.  Since *H. J. Inc.*, the Ninth Circuit "frame[s] the inquiry as

12  whether the acts are isolated or sporadic, on the one hand, or whether they indicate

13  a threat of continuing activity, on the other." *Medallion TV Enters., Inc. v. SelecTV*

14  *of Cal.*, 833 F.2d 1360, 1365 (9th Cir. 1987).  No pattern will be found where there

15  is only a single transaction. *Ibid.*[30]  Where as here there is a single alleged victim, a

16  single alleged fraudulent scheme and a single purported injury to the victim, the

17  Ninth Circuit has never found the continuity requirement satisfied; or in other

18  words, never found a pattern.  D. Smith & T. Reed, *Civil Rico* (2001) ¶4.04[3], p. 4-

19  40-4-41.

20       Fourth, nowhere is "racketeering activity" alleged.  RICO provides a laundry

21  list of offenses which constitute "racketeering activities."  18 U.S.C. § 1961(1)(D).

22  No offense can be a part of a RICO pattern of racketeering activity unless it is

23  expressly included within section 1961(1).  The listed crimes are usually referred to

24

25  [30]  See also *Morgan v. Bank of Waukegan*, 804 F.2d 970, 976 (7th Cir. 1986) in which case
26  the court held that to be sufficiently continuous to constitute a pattern the predicate acts must be
ongoing over an identified period of time so that they can be viewed as constituting separate
27  transactions. The court illustrated the principle with a hypothetical: where a defendant defrauds a
plaintiff by falsifying a loan application and the entire scheme consists only of this transaction
28  there is no continuity even though plaintiff may be able to allege two mailings that were made at
the same time in connection with the single loan transaction.

1 | as "predicate" offenses because they constitute the predicate for a RICO violation.

2 | Sicairos presumably intended to plead mail and wire fraud as the required

3 | "racketeering activity" as Sicairos alleges that defendants "utilized the United

4 | States mail in furtherance of their conspiracy…" (Compl., ¶ 13.) However,

5 | Sicairos has failed to allege a RICO claim based on mail and wire fraud, at least on

6 | the part of Wells Fargo. Again, Sicairos has not alleged any specific conduct by

7 | Wells Fargo.

8 | Fifth, Sicairos has not specified how Wells Fargo violated RICO. There are

9 | four ways to violate RICO. These four different RICO violations are set out in four

10 | subdivisions of section 1962. The first three subdivisions, (a), (b) and (c), create

11 | substantive violations. RICO proscribes the investment in, gaining control of, or

12 | association with an "enterprise" through a pattern of racketeering activity. 18

13 | U.S.C. § 1962(a)-(c). The fourth, subdivision (d), makes conspiring to violate any

14 | the prior subdivisions a separate violation. Sicairos' complaint does not indicate

15 | which, if any, of these subdivisions Wells Fargo purportedly violates.

16 | Sixth, Sicairos has entirely failed to identify the "enterprise." The RICO Act

17 | defines "enterprise" as "any individual, partnership, corporation, association (legal

18 | or in fact)." 18 U.S.C. § 1961(4). Again, Sicairos alleges only that defendants

19 | "were participating in and have participated in a scheme of racketeering as that term

20 | is defined in RICO …." (Compl., ¶26.) However, it is not clear what the enterprise

21 | is. Giving Sicairos the benefit of the doubt, and assuming he intended to allege the

22 | enterprise is an association in fact formed by the defendants, including Wells Fargo,

23 | Sicairos has not alleged that the enterprise has an ascertainable structure and an

24 | existence that can be defined apart from the commission of the predicate acts

25 | constituting the pattern of racketeering. In *Chang v. Chen*, 80 F.3d 1293, 1295 (9th

26 | Cir. 1996) the Ninth Circuit held "that a RICO enterprise must have an

27 | ascertainable structure separate and apart from the structure inherent in the conduct

28 | of the pattern of racketeering activity." The court affirmed the dismissal with

1    prejudice of a complaint alleging a typical association in fact enterprise consisting

2    of three individuals and a realty company involved in a series of fraudulent land

3    transactions.[31]  This is not a defect curable by amendment.

4        Lastly, Sicairos has not alleged the activities of the non-existent enterprise

5    affect interstate commerce.

6        In short, Sicairos' third cause of action alleges no RICO claim and should be

7    dismissed.

8    **IV.  ALTERNATIVELY, THE COURT SHOULD ORDER SICAIROS TO**

9    **PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS**

10       Fed. R. Civ. P. 12(e) authorizes a motion for a more definite statement when

11   the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be

12   required to frame a responsive pleading."  The Court should grant Wells Fargo's

13   alternative motion under this provision.

14       None of Sicairos' claims are pleaded "with such clarity and precision that the

15   defendant will be able to discern what the plaintiff is claiming and to frame a

16   responsive pleading."[32]  Plainly, the second cause of action fails to meet this

17   standard.  As Sicairos concedes, he does not know the "specifics" of the violations

18   on which he supposedly bases that claim, and for that reason, he has not even tried

19   to allege them.  (*See* Compl., ¶23.)  The first and third causes of action are equally

20   bereft of clear or precise allegations concerning what activity allegedly gives to rise

21   to any violation of the FDCPA, R-FDCPA, RESPA or RICO.

22       Wells Fargo should not be required to guess at what Sicairos thinks it did

23   wrong.  A motion for a more definite statement is appropriate when the defendant is

24

25   _____

26   [31]    See also *Allington v. Carpenter*, 619 F.Supp. 474, 479 (C.D. Cal. 1985) (complaint
     alleging "enterprise" composed of a group of individuals and corporations associated in fact
27   merely charged a conspiracy to defraud, not a RICO enterprise separate and apart from the
     underlying pattern of racketeering activity).

28   [32]    *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996).

1  unable to determine from the complaint's allegations what issues it must meet.[33]

2  That is the situation.  When the complaint admits, as Sicairos does, that even the

3  plaintiff does not know the "specifics" of his claims, the complaint patently fails to

4  identify, even in the most general terms, what issues the defendant must meet.

5  Accordingly, Wells Fargo's alternative motion for a more definite statement should

6  be granted.

7  **V.    CONCLUSION**

8       For the reasons stated above, the Court should dismiss the complaint.

9  Alternatively, if any claim survives dismissal, the Court should order Sicairos to

10 prove a more definite statement of the claim.

11 DATED:   November 4, 2008           SEVERSON & WERSON
12                                     A Professional Corporation

13

14                                     By: _____
15                                         SUZANNE M. HANKINS
                                           JARLATH M. CURRAN, II
16                                         Attorneys for Defendant
                                           WELLS FARGO BANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28  [33]   *A.G. Edwards & Sons, Inc. v. Smith,* 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the page of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

On the date below I served the within document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ address as stated on the attached mailing list.

| | |
|---|---|
| Kristine T. Takvoryan, Esq.<br>M. W. ROTH, PLC<br>13245 Riverside Drive, Suite 320<br>Sherman Oaks, CA 91423 | Attorney for Plaintiff ARTURO SICAIROS |

☒ **BY MAIL** (C.C.P. § 1013(a)) - By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 4, 2008, at Irvine, California.

By: _____
LINDA D. OWEN